```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
800-FLOWERS, INC.,

                Plaintiff,
                                           MEMORANDUM & ORDER
       -against-                           18-CV-2974(JS)(ARL)

FLORALBX, LLC,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas E. Plastaras, Esq.
                    Gallagher, Walker, Bianco & Plastaras
                    98 Willis Avenue
                    Mineola, New York 11502

                    John McNichols, Esq.
                    Youlin Yuan, Esq.
                    Williams & Connolly LLP
                    725 Twelfth Street NW
                    Washington, DC 20005

For Defendant:      Alexander D. Tripp, Esq.
                    Carnelutti & Altieri Esposito Minoli PLLC
                    450 Madison Avenue, Suite 450
                    New York, New York 10022
```

SEYBERT, District Judge:

Currently pending before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay (R&R, D.E. 34), recommending that plaintiff 800-Flowers, Inc.'s ("800-Flowers") motion to dismiss counterclaims of defendant Floralbx, LLC ("Floralbx") be granted in part and denied in part. For the following reasons, the parties' objections are OVERRULED, the R&R is ADOPTED in its entirety, and the motion is GRANTED in part and DENIED in part.

I.   Background and Proceedings

This case "stems" from a contract dispute between 800-Flowers and Floralbx. The crux of Floralbx's counterclaims is that 800-Flowers acted as though it was interested in licensing Floralbx's delivery box design (the "Invention"). To facilitate a potential business relationship, the parties executed a Confidentiality Agreement (D.E. 30-1) and a License Agreement (D.E. 30-2). However, according to Floralbx, once 800-Flowers had access to the Invention, it used it to attempt to reverse engineer it and create its own product, in violation of the Confidentiality Agreement. (Second Amended Answer with Counterclaims ("Answer"), D.E. 30, at ¶¶ 4-7.) The allegations are outlined in Judge Lindsay's R&R and will be discussed here only for the purpose of evaluating the parties' specific arguments and objections. Familiarity with the underlying record is presumed.

800-Flowers filed a Complaint alleging that Floralbx failed to perform its obligations under the License Agreement. (Compl., D.E. 1). The Complaint includes claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) specific performance, (4) injunction, and (5) declaratory relief. (Compl. ¶¶ 16-27.) Floralbx filed an Answer with Counterclaims (D.E. 5), an Amended Answer with Counterclaims (D.E. 24), and ultimately, the Answer at issue here, alleging that 800-Flowers breached the Confidentiality Agreement. 800-Flowers

2

moved to dismiss the first and second counterclaims (for breach of contract and breach of the covenant of good faith and fair dealing, respectively).[1] (Mot., D.E. 31.) Floralbx opposed (Opp., D.E. 32) and 800-Flowers replied (Reply, D.E. 33).

This Court referred the motion to Judge Lindsay for a report and recommendation. (See April 9, 2019 Elec. Order.) On August 12, 2019, Judge Lindsay issued her R&R recommending that this Court (1) deny the motion as to the first counterclaim for breach of contract and (2) grant it as to the second counterclaim for breach of the covenant of good faith and fair dealing. (R&R at 11, 12.)

Both parties timely objected to the R&R. (Floralbx Obj., D.E. 35; 800-Flowers Obj., D.E. 36.) Both parties then responded to and opposed each other's objections. (800-Flowers Obj. Reply, D.E. 37; Floralbx Obj. Reply, D.E. 38.)

II. Legal Standard

This Court "may accept, reject, or modify the recommended disposition" and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72. To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to

---

[1] 800-Flowers did not seek to dismiss the Third Counterclaim for Declaratory Relief. Further, Floralbx has not filed a motion to dismiss 800-Flowers' Complaint.

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." Diamond Collection, LLC v. Underwraps Costume Corp., No. 17-CV-0061, 2019 WL 347503, at *2 (E.D.N.Y. Jan. 22, 2019).

III. The Claims, the R&R, and the Parties' Objections

The counterclaims arise from the Confidentiality Agreement. In relevant part, the agreement states that

> 1. The party receiving the Confidential Information . . . shall hold such Confidential Information in confidence, and . . . shall not disclose such Confidential Information to any third party, except as otherwise provided for in Section 2 hereof, without the prior written approval of the party disclosing the Confidential Information . . . .
>
> 2. Recipient shall maintain appropriate control over the Confidential Information and shall limit its distribution only to persons who have a "need to know" all or part of the Confidential Information in order to evaluate entering into of a possible business arrangement. . . .

(Confidentiality Agreement ¶¶ 1, 2.)

A. <u>The First Counterclaim (Breach of Contract)</u>

The first counterclaim is for breach of contract. The R&R recommends that 800-Flowers' motion to dismiss the first counterclaim be denied. (R&R at 11.) 800-Flowers objects.

As relevant here, Floralbx alleges that 800-Flowers breached the Confidentiality Agreement by (1) using confidential information to reverse engineer a competing product, (2) disclosing the information outside the "need to know" group contemplated by the Agreement, and (3) refusing to disclose what information it had used or disclosed after Floralbx made a demand for it. (Answer ¶ 75; Floralbx Obj. Reply at 3-4.)

As to reverse engineering, Floralbx argues that 800-Flowers used confidential "information from Floralbx in the course of reverse engineering and analyzing the shipping box [(the Invention)] to create a competing product, thereby breaching the Confidentiality Agreement." (Floralbx Obj. Reply at 3-4.) Floralbx alleges that "the assembly technique was integral to the use of the [I]nvention and any reverse engineering <u>must</u> <u>have</u> involved non-public information." (Floralbx Obj. Reply at 4, citing Answer ¶¶ 6, 7, 9, 46, 54 (emphasis added).) Floralbx goes on to say, however, that "without additional facts, it is impossible to establish such a breach." (Floralbx Obj. Reply at 4.) Floralbx argues that "800-Flowers cannot withhold information [about its use and dissemination of confidential

5

information] then insist that Floralbx's claims should be dismissed because [Floralbx] has not alleged detailed facts regarding the very information 800-Flowers is withholding." (Floralbx Obj. Reply at 1.) Floralbx has alleged that 800-Flowers refuses to disclose whether it gave any information to third parties and if so, what information it gave. (Answer ¶¶ 71, 75.)

800-Flowers responds that reverse or value engineering was precisely what it needed to do to "evaluate a possible business arrangement" as contemplated by the Confidentiality Agreement. (800-Flowers Obj. at 3.)

As to unauthorized disclosure, Floralbx alleges that 800-Flowers breached the agreement by sharing confidential information outside the "need to know" group. An 800-Flowers employee told Floralbx that "he had just returned from an 800-Flowers leadership conference at which 800-Flowers disclosed that it was entering into an agreement to license the patent for the Invention. Upon information and belief, that leadership conference was attended by numerous 800-Flowers executives who did not have a 'need to know' the Confidential Information." (Answer ¶ 61.)

The R&R, citing the Confidential Agreement, states that

> Although the language of the Confidentiality Agreement makes clear that the parties contemplated that 800-Flowers would be sharing 'correspondence, memos, analyses and other disclosures' with third-party analysts and

6

> manufacturers as part of its due diligence, it is not clear if the Confidentiality Agreement contemplated that 800-Flowers would be 'reverse' or 'value engineering' the Invention in order to make a copy of it once the Invention was placed in the public domain. Moreover, without more facts, the Court is unable to determine if the information was shared outside the 'need to know' control group.

(R&R at 10-11.)

Floralbx has sufficiently alleged that 800-Flowers shared confidential information outside the "need to know group" at the leadership conference. According to the Answer, the leadership conference occurred after 800-Flowers decided to enter into the License Agreement. Thus, the reasonable and plausible reading of the allegation is that those who "needed to know" already did, and the information was shared outside that group. The Court is mindful of 800-Flowers' argument that no damage could have flowed from this intra-company disclosure. (Defs. Dr., D.E. 31-1, at 9-10.) However, as the R&R notes, nominal damages are available even for a technical breach. See Saeco Vending, S.P.A. v. Seaga Mfg., Inc., No. 15-CV-3280, 2016 WL 1659132, at *7 (S.D.N.Y. Jan. 28, 2016) ("New York law provides that nominal damages are always available in a breach of contract suit."); Nineteen Eighty-Nine, LLC v. Icahn, 155 A.D.3d 566, 567, 66 N.Y.S.3d 455, 456 (N.Y. App. Div. 2017) (in suit for breach of an LLC agreement, jury awarded plaintiff nominal damages of $1 for a

technical breach of failing to provide written notice). Accepting all allegations as true and drawing all reasonable interferences in favor of Floralbx, the non-moving party, see Person v. White, No. 09-CV-3920, 2010 WL 2723210, at *3 (E.D.N.Y. July 2, 2010), the counterclaim survives and discovery may further aid the parties in resolving the matter.

Accordingly, 800-Flowers' objections are OVERRULED and the Court ADOPTS the R&R's recommendation that its motion to dismiss be DENIED as to the first counterclaim for breach of contract.

B. The Second Counterclaim (Good Faith and Fair Dealing)

The second counterclaim is for breach of the implied covenant of good faith and fair dealing. The R&R recommends that the good faith counterclaim be dismissed as duplicative of its breach of contract counterclaim. (R&R at 11.)

Floralbx objects, claiming that "800-Flowers violated the covenant of good faith and fair dealing by using the [Confidentiality Agreement] to slow development of a product based on Floralbx's invention in order to prevent the entry into the market of a new product that would disrupt 800-Flowers's business." (Floralbx Obj. at 2, citing Answer ¶¶ 10, 46, 77, 83.) Floralbx contends that this counterclaim is "entirely independent of the [breach of] contract claim and [its] facts are distinct from the [breach of] contract claim." (Floralbx Obj. at 2.)

8

800-Flowers responds that (1) Floralbx had no expectation of any deal on a particular timetable under the Confidentiality Agreement, (2) any delay by 800-Flowers could not have harmed Floralbx because the Confidentiality Agreement did not grant 800-Flowers exclusivity, (3) the good faith claim merely reprises Floralbx's reverse engineering breach claim, and (4) by the time Floralbx requested information from 800-Flowers about disclosure, the Invention was already in the public domain. (800-Flowers Obj. Reply at 2-3.)

Under New York law, "when a complainant alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." (R&R at 11, quoting <u>Cruz v. FXDirectDealer, LLC</u>, 720 F.3d 115, 125 (2d Cir. 2013).) As set forth by Floralbx, its primary argument is that "800-Flowers has abused its access to the Invention . . . in order <u>either</u> to prevent a product based on the Invention from coming to market <u>or</u> . . . to reverse engineer the Invention surreptitiously and create a competing product." (Answer ¶ 46 (emphasis added).) According to Floralbx, "800-Flowers has abused its access to Floralbx's confidential information . . . to attempt to create a competing product surreptitiously, which breached the [Confidentiality Agreement] <u>and</u> the covenant of good faith and fair dealing." (Answer ¶ 9 (emphasis added).)

9

Both counterclaims are based upon 800-Flowers' alleged unauthorized use and sharing of confidential information to reverse engineer a product. (Compare Answer, First Counterclaim, ¶¶ 75 ("800-Flowers breached [the Confidentiality Agreement] by . . . using the Confidential Information for purposes other than those permitted") and 77 ("800-Flowers repeatedly threatened to develop its own copy of the Invention") with Answer, Second Counterclaim, ¶ 83 ("800-Flowers has breached the covenant of good faith and fair dealing by . . . misusing the Confidential Information to reverse engineer the Invention").) Because they arise from the same facts and core allegations, they are duplicative. Alternatively, with respect to Floralbx's argument that 800-Flowers delayed the process in bad faith (see Floralbx Obj. at 2), 800-Flowers correctly observes that the Confidentiality Agreement was not exclusive, and Floralbx was free to discuss the Invention with other interested parties. Thus, any alleged delay did not harm Floralbx.

Accordingly, Floralbx's objections are OVERRULED and the Court ADOPTS the R&R's recommendation that the second counterclaim be DISMISSED as duplicative of the first counterclaim. As this is Floralbx's second amended answer with counterclaims, and it has had ample opportunity to allege its counterclaims, the Court finds that further leave to amend would be futile.

IV. Conclusion

For the reasons set forth above, the parties' objections are OVERRULED and the R&R (D.E. 34) is ADOPTED in its entirety. Accordingly, 800-Flowers' motion is DENIED as to Floralbx's first counterclaim and GRANTED as to Floralbx's second counterclaim. The second counterclaim for breach of the implied covenant of good faith and fair dealing is DISMISSED with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  27 , 2019
      Central Islip, New York